**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                                 )
     v.                     )      I.D. No. 30700321DI
                                 )
JONATHAN K. MURRAY,      )
                                 )
     Defendant.       )

Submitted: June 13, 2025
Decided: June 18, 2025

## <u>ORDER</u>

This 18th day of June 2025, upon consideration of Defendant Jonathan K. Murray's ("Murray") Motion for Correction of an Illegal Sentence,[1] and the record in this matter, it appears to the Court that:

1. Murray was indicted on March 3, 1987, and charged with one count of Burglary in the First Degree (11 *Del. C* § 826) one count of Kidnapping in the First Degree (11 *Del. C.* § 783A), and three counts of Unlawful Sexual Intercourse in the First Degree (11 *Del. C.* § 775). Following a jury trial held August 3-5, 1987, Murray was convicted as charged on all counts in the indictment. On November 23, 1987, Murray was sentenced to be imprisoned for life on each of the three convictions of Unlawful Sexual Intercourse in the First Degree ("USI"). The first

---

[1] D.I. 75.

twenty years of each of those life sentences was made subject to a mandatory/minimum period of incarceration, without the benefit of probation or parole. Murray was also sentenced to life imprisonment for Kidnapping in the First Degree. He was sentenced to be imprisoned for 30 years on the conviction for Burglary in the First Degree. All of the sentences are to be served consecutively.

2. Murray appealed. The sole issue he presented in his appeal was a challenge to the sufficiency of the evidence of restraint presented by the State to independently support his convictions for kidnapping and the three charges of unlawful sexual intercourse.[2] Specifically, Murray argued that there was no restraint to support the charge of kidnapping, independent of the three acts of unlawful sexual intercourse.[3] Murray did not persuade the Delaware Supreme Court which affirmed the judgments of this Court.[4]

3. After unsuccessfully moving for a sentence modification,[5] Murray moved for postconviction relief.[6] That motion raised five claims of ineffective

---

[2] *Murray v. State,* 1989 WL 88691 at *2 (Del. July 19, 1989).
[3] *Id.*
[4] *Id.* at *3.
[5] D.I. 33.
[6] D.I. 36.

2

assistance of counsel.[7]  This Court denied that motion on September 4, 1992.[8]  That denial was affirmed by the Delaware Supreme Court on February 26, 1993.[9]

4.    On February 5, 2003, Murray, litigating under the name Yah-Ya Mandelaka, again moved for postconviction relief.[10]  In his second postconviction relief motion, Murray raised claims of prosecutorial misconduct and a new theory of ineffective assistance of counsel.[11]  He claimed that the State illegally changed its theory of the case between the time of indictment and trial and that defense counsel was ineffective in failing to pursue that issue.[12]    That motion was denied as procedurally barred.[13]  As to Murray's claim, the Court wrote:

> Your argument that the State was required to reindict you does not trigger the exception to the application of the procedural bars, nor does it show that the Court lacked jurisdiction over you. The record shows that at an office conference on August 5, 1987, counsel presented arguments on this issue as it pertained to jury instructions, and defense counsel vigorously defended your position. I ruled that because the indictment did not allege that the victim had not permitted you to have sex with her within the last 12 months, I would not charge on that element of USI first degree, but that the other elements were present in both the indictment and the evidence.  That ruling was correct as a matter of law.  The indictment placed you on

---

[7] *Id.*
[8] *State v. Murray,* 1992 WL 240409 (Del. Super. Ct. Sept. 4, 1992).
[9] *Murray v. State,* 1993 WL 66589 (Del. Feb. 26, 1993).
[10] D.I. 49.
[11] *Id.*
[12] *Id.*
[13] *State v. Murray,* ID No. 30700321DI, Order (Del. Super. Ct. Mar. 19, 2003), D.I. 50.

notice of the crime charged and was constitutionally sound for that purpose.[14]

The Supreme Court held that the Superior Court correctly denied Murray's claims as time barred and procedurally defaulted.[15]

5.      On March 18, 2013, Murray moved for postconviction relief for a third time.[16]  That motion claimed that the "Prosecutor illegally changed the substance in defendant's indictment, which created a more severe penalties [sic] in violation of his due process rights."[17]  He also raised a claims of ineffective assistance of counsel and that he had a right to counsel in his first collateral proceeding.[18]  In an Order dated April 10, 2013, this Court denied the motion after "a careful and thorough *de novo* review of the record.[19]  This Court also denied his Motion for Reconsideration.[20] Again, the Delaware Supreme Court affirmed this Court.[21]

6.      On February 7, 2022, Murray sought *habeas corpus* relief in this Court.[22] He alleged that he was being illegally held because "the Deputy State's Attorney nolle

---

[14] *Id.*
[15] *Mandelaka v. State,* 2003 WL 22227550 (Del. Sept. 25, 2003).
[16] D.I. 54.
[17] *Id.*
[18] *Id.*
[19] *State v. Murray,* ID No. 30700321DI, Order (Del. Super. Ct. Apr. 10, 2013), D.I. 57 (amended April 17, 2013, D.I. 58).
[20] *State v. Murray,* ID No. 30700321DI, Order (Del. Super. Ct. May 16, 2013), D.I. 60.
[21] *Murray v. State,* 2013 WL 5532647 (Del. Oct. 4, 2013).
[22] D.I. 65.

prosequi the PDWDCF charge, and indicted Petitioner on the remaining charges, and added a new alternative theory of "displayed what appeared to be a deadly weapon," to the indictment, which was a substance changed [sic], and petitioner was not afforded the opportunity to be place [sic] on notice that is required by due process of law."[23] This Court found Murray's claims "without merit and factually baseless."[24] That decision was affirmed.[25]

7. Now Murray seeks to have his sentence vacated via a Motion for Correction of an Illegal Sentence.[26] Instead of arguing that his sentence was illegal, he returns to his theme that the State made "an unauthorized change to the indictment by increasing the penalty on the new unlawful sexual intercourse charges that the grand jury never approved."[27] He claims to find support in *Erlinger v. United States,*[28] arguing "the penalty is much greater … because a jury of his peers never had knowledge that his penalties had increased, nor was he place [sic] on notice that the weapon issue still lived."[29] He claims there was an unauthorized change to the indictment in violation of the 5th, 6th, and 14th Amendments "of the State and Federal

---

[23] *Id.*

[24] *State v. Murray,* ID No. 30700321DI, Order (Del. Super. Ct. Feb. 9, 2022), D.I. 68.
[25] *Murray v. State,* 2022 WL 2913845 (Del. July 22, 2022).
[26] D.I. 75.
[27] *Id.*
[28] 602 U.S. 821 (2024).
[29] D.I. 75.

Constitution."[30] He contends that the "deputy states [sic] attorney committed a procedural due process violation by not submitting the new changes back before the grand jury for further action, depriving the defendant the right to have a grand jury make the charge."[31]

8.      Pursuant to Superior Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[32] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[33] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is within 90 days from the imposition of sentence.[34]

9.      *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[35] It has no application here. On each charge, Murray was sentenced within the statutory

---

[30] *Id.*
[31] *Id.*
[32] Super. Ct. Crim. R. 35(a).
[33] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[34] Super. Ct. Crim. R. 35(a) and (b).
[35] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113)

6

ranges. The Court made no factual determinations that exposed him to a higher maximum or minimum sentence. The Court did not find any facts that enhanced the range within which Murray was sentenced. It simply sentenced him according to the statutory mandates.

10. It is plain that Murray's sentences are not illegal – they do not violate double jeopardy; they are not ambiguous; they are not internally contradictory; they do not omit a term required to be imposed by statute; and they are authorized by the judgment of conviction. Indeed, his USI sentences were required by statute.

11. What Murray is doing is repackaging his already discredited claims under the banner of *Erlinger* in order to get them before the Court once again. It does not help him. Murray was arrested on January 21, 1987 on the charges of Burglary First Degree, Kidnapping First Degree, three counts of USI First Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"). When the State presented the case to the grand jury on February 18, 1987, it elected not to present the PDWDCF charge.[36] It entered a *nolle prosequi* on that charge on February 24th.[37] Each of the three counts of USI alleged a different form of sexual intercourse – penile penetration of the victim's vagina in Count III, of her anus in Count IV, and of her mouth in Count VI.[38] Each count alleged that the intercourse

---

[36] D.I. 1.
[37] D.I. 2.
[38] D.I. 1.

occurred "without victim's consent and during said intercourse [Murray] did display what appeared to be a deadly weapon, the defendant was not the victim's voluntary social companion on the occasion of the crime."[39] Those charges were never changed by re-indictment and Murray was tried on them as he was originally indicted.

12. When Murray committed his crimes in 1987, the crime of USI First Degree under then 11 *Del. C.* § 775 was defined as follows:

> A person is guilty of unlawful sexual intercourse in the first degree when he intentionally engages in sexual intercourse with another person and any of the following circumstances exist:
>
> (1) the intercourse occurs without the victim's consent, and he inflicts serious physical, mental, or emotional injury upon the victim:
> (a) on the occasion of the crime; or
> (b) during the immediate flight from the crime; or
> (c) during an attempt to prevent the reporting of the crime; or
>
> (2) the intercourse occurs without the victim's consent and the victim was not the defendant's voluntary social companion on the occasion of the crime and had not permitted the defendant sexual intercourse within the previous 12 months; or
>
> (3) in the course of committing unlawful sexual intercourse in the third degree or unlawful sexual intercourse in the second degree, the defendant displayed what appeared to be a deadly weapon or a dangerous instrument; or

[39] *Id.*

8

(4)  the victim is less than 16 years old and the defendant is not the victim's voluntary social companion on the occasion of the crime.[40]

Then existing USI Third Degree, a predicate for USI First Degree under § 775(3), was defined in relevant part as intercourse occurring without the victim's consent.[41]

11.  The USI charges in the indictment included all of the elements necessary for the commission of USI First Degree under § 775(3).  But, they did not contain all of the elements necessary for an allegation under § 775(2) because they failed to allege that the victim had not permitted the defendant sexual intercourse within the previous 12 months.  Therefore, the language pertaining to the absence of a voluntary social companion relationship had no relevance and was treated as surplusage.  Accordingly, the only theory of culpability alleged in the indictment returned by the grand jury was under § 775(3) which was the theory on which the jury was charged,[42] and on which Murray was convicted.

12.  The fact that the PDWDCF charge on which Murray was originally arrested was *nolle prossed* did not amount to an "unauthorized change to the indictment by increasing the penalty on the new unlawful sexual intercourse charges that the grand jury never approved" as Murray contends.[43]  The charge of USI Third

---

[40] 65 *Del. Laws* ch. 494, § 1, 1986.
[41] *Id.*
[42] Trial Tr. at 81 (Aug 5, 19987), D.I. 28.
[43] Former 11 *Del. C*. § 775(3).

9

Degree was elevated to USI First Degree when the defendant "display[ed] what appear[ed] to be a deadly weapon." That language was contained in the indictment approved by the grand jury and represents no contradiction with the *nolle prosequi* on the PDWDCF charge. What Murray describes was a tear gas gun,[44] while not a deadly weapon because it did not shoot projectiles, easily could *appear* to be a deadly weapon, which is all the statute required.

13.  The foregoing demonstrates that Murray's motion is properly viewed not under Rule 35(a), but rather as a motion for postconviction relief under Superior Court Rule 61. Rule 61 is the proper vehicle for incarcerated defendants "seeking to set aside the judgment of conviction."[45] Murray's real complaint is not with his sentences, but rather, with the convictions that caused his sentences to be imposed. Rule 61 is the exclusive remedy for relief which "may not be sought by a petition for a writ of habeas corpus or in any manner other than as provided herein."[46] But, Murray is foreclosed from seeking relief under Rule 61.

14.  Under Rule 61, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more

---

[44] D.I. 75.
[45] Super. Ct. Crim. R. 61(a)(1).
[46] Super. Ct. Crim. R. 61(a)(2).

than one year after it was first recognized.[47]  A second or subsequent motion is repetitive and therefore barred.[48]  The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[49] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[50]  Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[51]  Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[52]  The above bars to relief do not apply either to a claim the court lacked jurisdiction or to one claiming: (1) actual innocence; or (2) the application of a newly recognized, retroactively applied, rule of constitutional law rendering the conviction invalid.[53]

15.    Murray is barred from seeking relief under Rule 61(i).  His motion is untimely; it is repetitive; and it is both procedurally defaulted for failing to raise the

---

[47] Super. Ct. Crim. R. 61(i)(1).
[48] Super. Ct. Crim. R. 61(i)(2).
[49] Super. Ct. Crim. R. 61(d)(2)(i).
[50] Super. Ct. Crim. R. 61(d)(2)(ii).
[51] Super. Ct. Crim. R. 61(i)(3).
[52] Super. Ct. Crim. R. 61(i)(4).
[53] Super. Ct. Crim. R. 61(i)(5), citing Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

issues he raises here on direct appeal and formerly adjudicated in previous motions. None of the exceptions to the bars apply.

THEREFORE, Defendant Jonathan K. Murray's Motion for Correction of an Illegal Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary
cc: Andrew Vella, Esquire, Chief of Appeals
Jonathan Murray (SBI # 155813)
ISO

12